■ ROGER Q. MANNING, Respondent-Appellant, v. WALTER C. LUNDGREN, Appellant-Respondent, and FIRST WESTCHESTER NATIONAL BANK, as Administrator with Will Annexed of the Estate of ROSITA JONES, Deceased, Respondent. — In an action by one joint venturer against the other (defendant Lundgren), upon an agreement for the purchase, development and resale of certain real property and an equal division of the profits, and against defendant bank as administrator of the estate-owner of such real property, to impress a trust upon the property, to compel defendant Lundgren to specifically perform the joint venture agreement, to direct the bank to convey the property to both joint venturers, to obtain a money judgment against defendant Lundgren, and for other relief, in which plaintiff has filed a *lis pendens* against the property, the parties cross appeal as follows from orders of the Supreme Court, Westchester County: (1) Plaintiff appeals from so much of an order, dated March 25, 1960, as granted defendant Lundgren's motion to cancel the *lis pendens* upon his filing an undertaking for $35,000. (2) Defendant Lundgren appeals from so much of said order as imposed the condition that an undertaking for $35,000 be filed in order to cancel the *lis pendens*; as denied the motion of the defendant bank to cancel the *lis pendens* on the ground that the action is not one in which a

*lis pendens* is authorized under section 120 of the Civil Practice Act; and as denied the motion of the defendant bank to dismiss the complaint as to it under rule 106 of the Rules of Civil Practice on the ground that as to it the complaint fails to state a cause of action. (3) Defendant Lundgren appeals from an order, dated August 24, 1960, which denied his motion to cancel the *lis pendens* on substantially the same ground asserted by the bank. (4) Defendant Lundgren appeals from so much of an order, dated June 20, 1960, as denied his motion for summary judgment dismissing the complaint under rule 113 of the Rules of Civil Practice on the ground that the agreement alleged in the complaint is oral and that this action thereon is barred by the Statute of Frauds. Order of March 25, 1960, insofar as appealed from by plaintiff, affirmed, without costs. No opinion. Order of March 25, 1960, insofar as defendant Lundgren appeals from the portion which imposed the condition that an undertaking for $35,000 be filed; and insofar as said defendant appeals from the portion which denied the motion of the defendant bank to cancel the *lis pendens,* affirmed, without costs. No opinion. Appeal by defendant Lundgren from the portion of the order of March 25, 1960, which denied the motion of the defendant bank to dismiss the complaint as to it on the ground that the complaint is insufficient, dismissed, without costs. With respect to the denial of the bank's motion in this respect, the defendant Lundgren is not a party aggrieved. Order of August 24, 1960, affirmed, without costs. No opinion. Order of June 20, 1960, insofar as defendant Lundgren appeals from the portion which denied his motion for summary judgment, affirmed, without costs. The issue as to whether plaintiff's cause of action is barred by the Statute of Frauds may be better determined after the full development of the facts upon the trial. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.